IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDERICK TYRONE CALHOUN, )<br>Reg. No. 87707-020, )<br> )<br>  Petitioner, )<br> )<br>  v. )<br> )<br> )<br>DENNIS STAMPER and THE UNITED )<br>STATES ATTORNEY GENERAL, )<br> )<br>  Respondents. ) | CASE NO. 2:13-CV-632-WHA<br>(WO) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION AND PROCEDURAL HISTORY

This cause of action is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Frederick Tyrone Calhoun ("Calhoun"), a former federal inmate, on August 29, 2013.[1] In this petition, Calhoun seeks to compel the Bureau of Prisons to grant him jail credit for time he served in a Georgia county detention facility from January 10, 2006 until May 9, 2006 on a charge of possession of cocaine with intent to distribute lodged against him by the State of Georgia. This charge arose from actions undertaken by Calhoun on or before January 10, 2006 and resulted from a joint state and federal investigation. Calhoun obtained his release on bond from this charge on May 9, 2006.

---

[1] At the time Calhoun filed this habeas petition, he was incarcerated at the Maxwell Federal Prison Camp in Montgomery, Alabama.

1

In November of 2008, law enforcement officials again arrested Calhoun for possession of cocaine with intent to distribute.  On March 18, 2009, a grand jury empaneled by the United States District Court for the Middle District of Georgia issued a five-count indictment against Calhoun containing the following charges:

> Count One - From January of 2003 continuing through February of 2009, both dates being approximate and inclusive, Calhoun conspired with his co-defendants and others within the Middle District of Georgia to unlawfully possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2.
>
> Count Two - From January of 2003 continuing through February of 2009, both dates being approximate and inclusive, Calhoun conspired with his co-defendants and others within the Middle District of Georgia to unlawfully possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2.
>
> Count Three - On or about November 10, 2006, in the Middle District of Georgia, Calhoun did unlawfully possess with intent to distribute a Schedule II controlled substance, to wit: more than 500 grams of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2.
>
> Count Four - On or about November 15, 2008, in the Middle District of Georgia, Calhoun did unlawfully possess with intent to distribute a Schedule II controlled substance, to wit: more than 5 grams of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2.
>
> Count Five - On or about November 15, 2008, in the Middle District of Georgia, Calhoun did possess a firearm in furtherance of the offenses set forth in Count Four in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2.

*Petition for Habeas Relief - Doc. No. 1* at 2-3.  On July 10, 2009, Calhoun entered a guilty plea to counts four and five of the indictment, counts solely related to actions which occurred on or about November 15, 2008, and the remaining counts were dismissed pursuant to the government's motion.  *Id*. at 3.  The trial court imposed sentence upon Calhoun for these convictions on October 8, 2009.  *Id.*

Calhoun submitted a letter motion to the United States District Court for the Middle District of Georgia "seeking credit for time served, from January 10, 2006 through May 9, 2006."  *Id*. at 3.  The trial court denied this motion on September 2, 2011 because Calhoun "had failed to 'exhaust his administrative remedies with the Bureau of Prisons before seeking judicial relief."  *Id.*  After exhausting his administrative remedies, Calhoun filed the instant habeas petition on September 3, 2013, in which he seeks credit on his sentence for time served in state custody from January 10, 2006 until May 9, 2006. He also subsequently filed a "Motion Pursuant to 5G1.3 or Rule 36" with the United States District Court for the Middle District of Georgia on April 7, 2014 seeking the same sentence credit.  *United States v. Calhoun*, Case No. 7:09-CR-0004-WLS-TQL (M.D. Ga.) - Doc. No. 161.

On June 5, 2014, the United States District Court for the Middle District of Georgia issued an order denying Calhoun's motion for credit for time served in state custody from January 10, 2006 until May 9, 2006.  *Id.* - Doc. No. 162.  This order reads as follows:

> Presently pending before the Court is Defendant's Motion Pursuant to 5G1.3 or Rule 36.  Therein, Defendant claims that he should be given credit for time he served [in state custody on a controlled substance charge -

3

from January 10, 2006 until May 9, 2006]. Under 18 U.S.C. § 3582(c), the Court may only reduce a sentence under very limited circumstances once a sentence has been imposed. Those circumstances include instances whereby the Director of the Bureau of Prisons files a motion for a reduction, a reduction is permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure, or the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission. Under Rule 35, the Court may correct a sentence within fourteen days to the extent the sentence resulted from arithmetical, technical, or other clear error, or upon motion by the Government for substantial assistance. Under Rule 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." None of the referenced circumstances are presented by this case.

Even if the procedural mechanism for a sentence reduction existed, Defendant would not be entitled to credit for the time he served in state [custody]. Defendant's instant Motion stems from an issue raised by Defendant at his second sentencing hearing. At that hearing, Defendant sought credit for time he served [in a county facility on a charge lodged against him in the] Lanier County Superior Court [] from January 10, 2006 until May 9, 2006. He argued that he was entitled to such [credit] because the time served in the [county facility] related to conduct that was part of the federal investigation that led to [each count of] the indictment in the above-captioned case. The Court disagrees.

United States Sentencing Guideline 5G1.3 states, in pertinent part, that, "if . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . . the sentence for the instant offense" shall be "adjust[ed] . . . for any period of imprisonment already served on the undischarged term of imprisonment if the Court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." In other words, 5G1.3 ensures that a defendant will not be sentenced to time in federal prison for conduct that was already punished by time in state [or county custody]. However, that issue is not presented by the facts of this case. Defendant's 2006 term of incarceration [- from January 10, 2006 until May 9, 2006 -] occurred before any of the relevant conduct that was considered for the purposes of sentencing in this matter. All relevant conduct considered for the purposes of sentencing in the above-captioned matter occurred in 2008. Therefore, the relevant conduct used as a basis for Defendant's sentence in this matter is distinct from the conduct related to Defendant's state incarceration in 2006. As such, even if a procedural mechanism existed to

> permit Defendant the benefit of U.S.S.G. § 5G1.3, Defendant would nonetheless not be entitled to a sentence reduction on that basis.
> For the foregoing reasons, Defendant's Motion Pursuant to 5G1.3 or Rule 36 is **DENIED**.

*United States v. Calhoun*, Case No. 7:09-CR-0004-WLS-TQL (M.D. Ga.) - Doc. No. 162 (citations to internal court documents omitted).

## II.  DISCUSSION - RES JUDICATA

The United States District Court for the Middle District of Georgia decided the claim for relief presented by Calhoun in the instant habeas petition adversely to him. Specifically, that court determined Calhoun was not entitled to sentence credit for the time he served in a county facility from January 10, 2006 until May 9, 2006. Under well settled federal law,

> [t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, [often denoted as "collateral estoppel",] in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id*., at 748-749, 121 S.Ct. 1808.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171 (2008).

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each

case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 Fed. Appx. 937, 940 (11th Cir. 2010), *cert. denied*, 562 U.S. 937, 131 S.Ct. 342, 178 L.Ed. 2d 223 (2010) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992)). "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit." *Id*. In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata . . . refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been litigated in an earlier suit. . . . In order for the doctrine of res judicata to bar a subsequent suit, four elements must be present: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted). It is clear that each requisite element for application of the bar of res judicata is present in this case. Based on the decision of the United States District Court for the Middle District of Georgia in *United States v. Calhoun*, Case No. 7:09-CR-0004-WLS-TQL (M.D. Ga.) denying Calhoun's motion for sentence credit, the court concludes that this habeas petition seeking the same sentence credit is precluded from review by the doctrine of res judicata.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2241 petition for habeas relief filed by Frederick Tyrone Calhoun be DENIED as the issue presented in this petition was previously decided

adversely to Calhoun by the United States District Court for the Middle District of Georgia.

    2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before March 28, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C<small>IR</small>. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 11th day of March, 2016.

                                            /s/Terry F. Moorer
                                            TERRY F. MOORER
                                            UNITED STATES MAGISTRATE JUDGE